UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOLL OBUON,

        Plaintiff,

   v.

WAIRIM KIAMBUTHI,

        Defendant.

No. C18-1061RSL

ORDER REQUIRING MORE
DEFINITE STATEMENT

     This matter comes before the Court *sua sponte*. Plaintiff filed a complaint alleging that the state court abused its discretion when it modified his parenting plan, authorized international travel, failed to enforce the custody order, and failed to punish his ex-wife for asserting frivolous allegations of child abuse and domestic violence. It is not clear what relief plaintiff seeks from this Court. The complaint is styled as a "Petition for Review" of the state court orders, and plaintiff cites a number of cases for the proposition that the parent-child relationship is a constitutionally protected liberty interest. In the alternative, plaintiff may be asserting a Section 1983 claim against the state court for violating "fundamental parental rights guaranteed by the Ninth Amendment without the due process required by the Fifth and Fourteenth Amendments, and violations of their right to association with their son guaranteed by the First Amendment without the due process to which they were entitled under the Fourteenth Amendment." Dkt. # 1 at 7. In the body of the complaint, plaintiff also mentions the Hague Convention on the Civil

Aspects of International Child Abduction and the Parental Kidnaping Prevention Act. Only plaintiff's ex-wife is named as a defendant.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court, having construed the allegations of the complaint liberally (see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's allegations are deficient.

To the extent plaintiff is seeking review of the state court's judgment in the underlying custody dispute, the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so. Kougasian v .TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

To the extent plaintiff is asserting a claim under 42 U.S.C. § 1983 against his ex-wife for making false accusations against him, he has not alleged state action. A private party who complains to the police or explicitly asks for protection or relief from the state does not become a state actor simply because he turns to the government for assistance. See Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989). To the extent plaintiff is alleging that his wife violated federal and international child protection laws, he had not alleged facts giving rise to a plausible inference that his she could be liable thereunder. Finally, to the extent plaintiff is alleging that state court procedures are defective and, as applied in this case, resulted in a deprivation of constitutional rights, there is no indication that his ex-wife could be held liable for such deprivations.

ORDER REQUIRING MORE
DEFINITE STATEMENT                -2-

1     For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff is hereby ORDERED to file on or before **August 31, 2018**, an amended complaint which clearly and concisely identifies the acts of which defendant is accused, how those acts violated plaintiff's legal rights, and the specific relief requested. The key to filing an acceptable amended complaint will be providing enough facts that one could conclude that plaintiff has a viable legal claim and a right to relief against defendant that is as least plausible. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

     The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, August 31, 2018.

     DATED this 31st day of July, 2018.

                                    *Robert S. Lasnik*
                                    Robert S. Lasnik
                                    United States District Judge